**In the Matter of Thomas C. GRAY.**

No. 1083S365.

Supreme Court of Indiana.

Aug. 6, 1984.

Frank E. Spencer, Indianapolis, for respondent.

Sheldon A. Breskow, Executive Secretary, William G. Hussmann, Jr., Staff Atty., Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

PER CURIAM.

The Indiana Supreme Court Disciplinary Commission and the Respondent herein, Thomas C. Gray, have entered into and tendered for this Court's approval a "Statement of Circumstances and Conditional Agreement for Discipline" arising out of a Verified Complaint for Disciplinary Action filed against the Respondent. The Respondent has also submitted an affidavit pursuant to Ind.R.A.D. 23, Section 17(a).

In accordance with the parties' agreed Statement of Circumstances, we find that the Respondent has been charged with violating Disciplinary Rules 9–102(B)(3) and 1–102(A)(4) and (5) of the *Code of Professional Responsibility for Attorneys at Law.*

The Respondent was admitted to the Bar of this State in October of 1976. In September, 1978, Homer Bagwell contacted the firm with which the Respondent was associated concerning a workman's compensation claim arising out of a February 28, 1978, accident. In December, 1978, this matter was assigned to the Respondent; it was the Respondent's first workman's compensation case.

The Respondent made an initial contact with Bagwell by mail and requested certain medical information. The Respondent also telephoned Ralph Jones of Hartford Insurance Company within 60 days of taking over the case and discussed with him preliminary matters and the background of the case. Other than some general research, the Respondent took no further action on Bagwell's behalf until sometime after February 28, 1980.

During this period of time Bagwell worked in Arkansas, Washington and Texas. Between September, 1978, and June, 1980, he sent five letters and made several telephone calls inquiring about the progress of his claim. On each occasion, the Respondent informed Bagwell or Bagwell's wife that the Respondent was "working on the case" and was "trying to get the matter settled," though he was not in fact doing so.

Sometime in June, 1980, the Respondent realized that he had missed the two-year limitation period for filing the claim with the Industrial Board. Upon this realization, the Respondent advised Bagwell that he would obtain a $10,800 settlement. At Bagwell's request, he advanced the first $500 to Bagwell by a personal check. Thereafter, he withdrew $10,800 from personal funds and sent a cashier's check for that amount to Bagwell.

The Respondent misrepresented to Bagwell that the funds were from a settlement; he never advised Bagwell that he had missed the statute of limitations or that the funds were his own. The client believed that the Respondent had charged a fee of $750 which he had withdrawn from the settlement proceeds.

After receiving the cashier's check, the Bagwells called and wrote to the Respondent requesting copies of the settlement papers. The Respondent failed to return their calls and tried to avoid them. In light of the foregoing findings and in accordance with the agreement of the parties, this Court concludes that the Respondent engaged in misconduct.

By failing to tell his client the true status of the claim and the actual source of the funds, the Respondent breached the underlying fiduciary relationship which must exist between an attorney and his client. Respondent's willingness to quickly pay his client, from his own funds, may have compensated the client for a possible loss resulting from the Respondent's conduct; however, it also served to further deceive and to camouflage the fact that the Respondent had missed the period for filing the claim. In conclusion, this Court finds that, under the circumstances of this case, the agreed discipline, a suspension for a period of forty-five (45) days, is appropriate and should be approved.

It is, therefore, ordered that the Respondent is suspended from the practice of law for a period of forty-five (45) days beginning September 17, 1984

Costs of this proceeding are assessed against the Respondent.